UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER L. HUBBARD, | ) |
| *Plaintiff*, | ) CASE NO. 2:19-cv-01704-BJR |
| v. | ) |
| | ) ORDER GRANTING MOTION TO |
| APEX ENERGY GROUP, LLC, *et al.*, | ) DISMISS |
| *Defendants*, | ) |

## I. INTRODUCTION

Apex Energy Group, LLC ("Apex Group") and Michael Foit ("Foit") (collectively "Defendants") move this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party. Dkt. No. 12. Plaintiff Christopher L. Hubbard ("Hubbard") opposes the motion. Dkt. No. 17. Having reviewed the motion, opposition, and reply thereto, as well as the record of the case and the relevant legal authorities, the Court will grant the motion. The reasoning for the Court's decision follows.

1

## II. BACKGROUND

This lawsuit centers on Apex Energy Solutions of Seattle, LLC ("Apex Seattle"), which is in the business of selling windows in the Seattle area. Hubbard was hired in July 2017 to help open and manage Apex Seattle and to sell windows. His compensation, at least in part, was based on commission from the window sales. The relationship between Apex Seattle and Hubbard quickly soured and by May 21, 2019, Apex Seattle sued Hubbard for alleged trade secret/confidentiality violations and overpayment in commissions. Hubbard counterclaimed against Apex Seattle, alleging that the company had wrongfully failed to pay his full commissions in violation of a sales agreement between them. The lawsuit was filed in King County Superior Court for the State of Washington ("the State lawsuit") and the parties have already exchanged discovery, engaged in motions practice, and taken multiple deposition.

Hubbard brought the instant lawsuit against Defendants Apex Group and Michael Foit, the Chief Executive Officer of Apex Group. Dkt. No. 1. Hubbard alleges that Defendants hired him to open Apex Seattle on behalf of Apex Group in July 2017. Dkt. No. 1 at ¶ 7. He claims that Defendants agreed to compensate him with an annual base salary plus benefits and enrollment in Apex Group's Bonus & Equity Plan. Dkt. No. 1 at ¶ 7. Important here, Hubbard alleges that the Bonus & Equity Plan offered him equity ownership in Apex Seattle if he reached certain benchmarks. *Id*. Hubbard claims that he satisfied the requisite benchmarks, but Defendants failed to give him equity in Apex Seattle. *Id*. at Cause of Action B, ¶¶ 2-6. Thus, Hubbard brings a cause of action for breach of contract.[1] *Id*.

---

[1] Hubbard also brings causes of action for wrongful termination in violation of public policy and violation of Washington's wage laws.

Defendants counter that Hubbard did not have an employment relationship with Apex Group; rather, he was employed by Apex Seattle. They point out that his income was reported to the Internal Revenue Service on W-2 and 1099 forms from Apex Seattle and that his base salary and bonus income was based on the performance of Apex Seattle. Dkt. No. 13, Ex. 2. Defendants further argue that Hubbard executed a sales agreement with Apex Seattle. *Id*. at Ex. 5. In other words, Defendants argue, this is an employment dispute between Hubbard and Apex Seattle, yet Hubbard has failed to name Apex Seattle as a defendant in this lawsuit. They claim that Hubbard did not name Apex Seattle as a defendant in this litigation because doing so would destroy diversity jurisdiction, the basis on which this Court has subject matter jurisdiction over this matter. Defendants assert that Apex Seattle is an indispensable party to this litigation under Federal Rule 19 and, therefore, this case should be dismissed pursuant to Federal Rule 12(b)(7).

### III. STANDARD OF REVIEW

A party may move to dismiss a complaint pursuant to Federal Rule 12(b)(7) for failure to join an indispensable party under Federal Rule 19. "In analyzing a motion to dismiss under Rule 12(b)(7), the court must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 657 (S.D. Cal. 2018) (citing *Paiute-Shoshone Indians of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 996 n.1 (9th Cir. 2011)). However, the court is not limited to reviewing the pleadings and "may consider extraneous evidence when deciding a Rule 12(b)(7) motion without converting it into a motion for summary judgment." *Id.* (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011).

## IV. DISCUSSION

In order to determine whether Apex Seattle is an indispensable party, this Court must perform a three-part inquiry under Federal Rule 19. *See EEOC v. Peabody W. Coal*, 400 F.3d 774, 779 (9th Cir. 2005). First, this Court must determine whether Apex Seattle is a necessary party under 19(a). *Id.* If this Court determines that Apex Seattle is "necessary" for purposes of 19(a), then this Court must determine whether joinder is feasible. *Id.* Lastly, if this Court determines that joinder is not feasible, then this Court must determine whether Apex Seattle is an indispensable party to the litigation under 19(b). *Id.* at 780.

The Court finds that Apex Seattle is a necessary party under Rule 19(a), which states that an absent party is "necessary" for purposes of Rule 19(a) if the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may[] as a practical matter impair or impede the [party's] ability to protect the interest[.]" Fed. R. Civ. P. 19(a)(1)(B)(i). Hubbard claims that he entered into an employment agreement with Apex Group that included a Bonus & Equity Plan under which he would be entitled to equity in Apex Seattle if he met certain performance measures. It cannot be disputed that Apex Seattle has a direct interest in the resolution of that issue. If Hubbard is successful, he will be entitled to equity in the company. Clearly, Apex Seattle's absence from participation in the adjudication of this issue impairs its ability to protect its interest in its equity and ownership. Nor is the fact that Foit—a member of Apex Seattle—is a named defendant in this case sufficient to protect the company's interest. Apex Seattle is a limited liability company and under Washington's Limited Liability Company Act, such a company and its members are distinct and separate entities with distinct and separate interests. Wash. Rev. Code § 25.15.125(2) (2010). Thus, this Court concludes that Apex Seattle is a necessary party for purposes of Rule 19(a).

4

It is undisputed that Apex Seattle is a Washington-based company whose joinder would defeat diversity jurisdiction and divest this Court of subject matter jurisdiction. Thus, joinder is not feasible and this Court must determine whether Apex Seattle is indispensable to this litigation under Rule 19(b). *See Peabody W. Coal*, 400 F.3d at 780. Rule 19(b) requires courts to consider whether, in equity and good conscious, an absent party is one without whom the action between the remaining parties cannot proceed. *See Paiute-Shoshone Indians of Bishop Colony, Cal.*, 637 F.3d at 1000. In making this determination, the Court must consider: (1) the extent to which a judgment rendered in Apex Seattle's absence might prejudice it or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by shaping the relief or other proactive measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b). "The language of Rule 19(b) leaves the district court with 'substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations.'" *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 75 (2d Cir. 1984) (quoting 7 Wright & Miller, *Federal Practice and Procedure* § 1604 at 45–46 (1972)).

This Court has already determined that a favorable judgment for Hubbard in this case would impair Apex Seattle's interests. The Court is unable to afford Hubbard the relief requested—equity in the company—in a manner that would lessen the impact on Apex Seattle. Therefore, the first two factors work against allowing the case to proceed without Apex Seattle. The third factor also weighs against allowing the case to proceed without Apex Seattle as it is doubtful that a judgment ordering Apex Seattle to hand over some of its equity to Hubbard would be enforceable against the company. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1050 (9th Cir. 2005) ("We have in this nation a 'deep-rooted historic tradition that

everyone should have his own day in court,' and presume, consequently, that '[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.'") (quoting *Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996). As to the fourth factor, the Court finds that Hubbard has an adequate remedy if this case is dismissed. He can proceed with the claims in the State lawsuit. Indeed, Hubbard previously brought these same claims against Defendants in the State lawsuit and voluntarily dismissed them.[2] Under the circumstances of this case, this Court finds that in "equity and good conscious," this case should be dismissed.

## V. CONCLUSION

For the foregoing reasons, this Court GRANTS Defendants' motion to dismiss [Dkt. No. 12] and this matter will be closed.

Dated this 16th day of March 2020.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] Hubbard implies that the claims may now be time-barred in the State court lawsuit. If that is the case, it "is a dilemma of [Hubbard's] own making" and "lessens the strength of [Hubbard's] interest in having this action go forward." *Paiute-Shoshone Indians of Bishop Colony, Cal.*, 637 F.3d at 1000.

6